IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLHASSEE DIVISION

SYDNEY ANDREA CRANDON,

    Petitioner,

v.                                  Case No. 4:23cv79/MW/MAL

WARDEN JOHN GABBY,
FCI TALLAHASSEE

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Sydney Andrea Crandon initiated this case by filing a petition for writ of habeas corpus in the Eastern District of North Carolina which was transferred to this court on February 13, 2023. ECF No. 1. Crandon filed an amended petition which, along with the Government's response in opposition, are currently before the Court. ECF No. 8, 9. After careful consideration of the record and the relevant law, I recommend the § 2241 petition be dismissed without prejudice because the lone issue raised in the petition is not cognizable under 28 U.S.C. § 2241.

    I.    BACKGROUND

Crandon pleaded guilty in the Eastern District of North Carolina Case 5:19cr296 to violating 18 U.S.C. 1591(a)(1)(B)(2), which proscribes sex trafficking of children or by force, fraud, or coercion. She was sentenced to a term of 133

months' imprisonment. Crandon is currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of May 1, 2028. https://www.bop.gov/inmateloc//.

II.  DISCUSSION

In her amended petition, Crandon alleges she is improperly being denied access to the Bureau of Prisons' TRULINCS electronic messaging system and video visitation. TRULINCS is the institutional platform through which federal inmates may correspond by email. BOP Program Statement 4500.11, Trust Fund/Deposit Fund Manual, dated April 9, 2015, pp. 127–28. The BOP's authority to implement TRULINCS is found in 18 U.S.C. § 4042, which directs the BOP to "provide for the safekeeping, care, and subsistence" of Federal prisoners. *Id.*, at 127. Use of TRULINCS is a privilege; therefore, the Warden may limit or deny access to a particular inmate. *Id*. The BOP may restrict inmates from using TRULINCS "when absolutely necessary to protect the safety, security, or orderly operation of the correctional facility, or the protection of the public or staff." *Id.* at 131.

Crandon claims that preventing sex offenders such as herself from using the TRULINCS system results in a violation of her First Amendment and Equal Protection rights and is unnecessary to protect the safety, security, and orderly

operation of the facility. She seeks a court order directing the BOP to allow her to have full access to the TRULINCS system.

Title 28 U.S.C. § 2241(c)(3) provides that an inmate may seek habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The core of habeas corpus is comprised of claims challenging the validity of a conviction or sentence, or the fact or duration of an inmate's confinement. *See Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022). Conversely, claims challenging conditions of confinement typically do not sound in habeas but rather must be brought as civil rights claims pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Buruea of Narcotics*, 403 U.S. 388 (1971). *See Nance*, 142 S. Ct. at 2222; *Muhammad v. Close* 540 U.S. 749, 750 (2004).

Crandon's challenge to the BOP's restrictions on her access to TRULINCS falls outside the "core" of habeas corpus and is inappropriate for this forum. Were she to prevail, she would not be entitled to, nor does she seek, release from confinement or a reduction in her sentence. Rather, the appropriate remedy would be monetary damages (if available) or injunctive relief, both of which are remedies afforded in civil rights actions. *See Gomez v. United States*, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from

confinement). Therefore, following other decision of this court, the undersigned recommends the petition be dismissed without prejudice so Crandon may bring her claims in a different action if she chooses to do so. *See Himko v. English*, Case 5:16cv35/MMP/EMT, 2016 WL 7645584 (N.D. Fla., Dec. 5, 2016) (dismissing habeas challenge to restrictions on use of TRULINCS), *report and recommendation adopted*, 2017 WL 54246 (N.D. Fla. Jan. 4, 2017); *Castelli v. Garrett*, Case 7:19cv1332-KOB-HNJ, 2021 WL 9059760 (N.D. Ala. Dec. 30, 2021) (same), *report and recommendation adopted*, 2022 WL 2132847 (N.D. Ala. Jun 14, 2022); *see also Luedtke v. Berkebile*, 704 F.3d 465 (6th Cir. 2013) (district court properly dismissed petitioner's claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement).

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241 (ECF No. 8) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 11, 2023.

                                                s/ *Midori A. Lowry*
                                                Midori A. Lowry
                                                United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.